HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYNTREL T. JACKSON,

        Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS WASHINGTON, et al.,

        Defendants.

CASE NO. C16-1856-RAJ-MAT

ORDER

This matter comes before the court on Plaintiff's Motion to Appoint Counsel ("Motion"). Dkt. # 49. Defendants have opposed the Motion, and Plaintiff has filed a reply. Dkt. ## 50, 51.

This is a case brought under 42 U.S.C. § 1983 and, as a general matter, Plaintiff has no right to counsel. *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*,

718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman,* 390 F.3d at 1103.

Plaintiff requests appointment of counsel on the grounds that his imprisonment will limit his ability to litigate this case, which Plaintiff alleges contains "complex" issues that will require "significant research and investigation." Dkt. # 49 at 1. However, the Court finds that the legal issues raised by Plaintiff are not sufficiently complex to warrant the appointment of counsel. This case centers on whether Plaintiff is allergic to the IMU toothpaste, and whether Defendants denied Plaintiff a viable toothpaste option from August 2015 to July or August 2016, when he began receiving a fluoride rinse. Dkt. # 45. The factual allegations and arguments set forth by Plaintiff in his Amended Complaint (Dkt. # 6) and summary judgment briefing (Dkt. # 42) show that he is able to articulate his claims and otherwise represent himself *pro se*. Plaintiff's incarceration has not stopped Plaintiff from pleading a 1983 claim, participating successfully in discovery, and prevailing on summary judgment. Dkt. ## 45, 48. Although most parties would benefit from attorney representation, that is not the standard for appointment of counsel in a civil case. *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998). Plaintiff must show *exceptional* circumstances and he has failed to make that showing here.

Plaintiff also argues, for the first time on reply, that he is both educationally challenged and mentally ill, and that his medications keep him in such a "sedative state" that he is unable to represent himself at trial. Dkt. # 51 at 1. At the outset, the Court is inclined to disregard this argument, as "arguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Even if this Court did consider Plaintiff's argument, it would not change the result. Plaintiff's only evidence of his mental illness are unverified descriptions of medications he allegedly takes. Dkt. # 51-1 at 2-4. If Plaintiff is arguing that his alleged and unnamed mental

illness renders him incompetent, the Court cannot conclude as such based on this slim record.[1] To date, Plaintiff has been able to properly file appropriate pleadings and papers to bring forth claims and persuasively argue his positions, despite his alleged mental state and educational level.

Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel. Dkt. # 49.

DATED this 12th day of October, 2018

*[signature]*

The Honorable Richard A. Jones
United States District Judge

---

[1] At the very least, the Court finds that at this stage, Plaintiff has not shown "substantial evidence" of incompetence to warrant a competency hearing. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).