HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYNTREL T. JACKSON,<br><br>        Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF CORRCTIONS WASHINGTON, et al.,<br><br>        Defendants. | CASE NO. C16-1856-RAJ<br><br>ORDER |

This matter comes before the court on Plaintiff's "Motion for Lien Against Defendants" ("Motion"). Dkt. # 52. Defendants have opposed the Motion, and Plaintiff has filed a reply. Dkt. ## 55, 56. For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

In his Motion, Plaintiff seeks to have this Court impose a "lien against all defendants until the verdit [sic] of the jury," to the extent of "all the defendants land holdings, crops, animals, accounts, and all other personalty of the defendants." Dkt. # 52 at 1. Under Washington law, the "purpose of a lien is to secure payment for amounts owed." *Smith v. Moran, Windes & Wong, PLLC*, 145 Wash. App. 459, 471, 187 P.3d 275, 282 (2008). As Defendants observe, the State of Washington indemnifies

Defendants through RCW 4.24.490, which removes the necessity of imposing an additional lien to ensure Defendants have sufficient assets to cover any liability imposed against them. Dkt. # 55 at 1.

Plaintiff offers no authority that would support his extraordinary request to have this Court impose a lien on what would essentially be all property owned by the Washington Department of Corrections. Plaintiff's Motion cites the standards for a declaratory judgment action, Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, neither of which provide for liens.[1] Plaintiff also cites, without analysis, five out-of-Circuit cases, only two of which have anything to do with liens. Dkt. # 52 at 2-3. Neither of those cases are applicable here: *Zipperer v. City of Fort Myers*, 41 F.3d 619, 620 (11th Cir. 1995) concerned a constitutional challenge to lien priority relating to real property, and *Hall v. Garson*, 430 F.2d 430, 432 (5th Cir. 1970) considered a challenge to a Texas statute authorizing a landlord to place a lien on personal property. No authority Plaintiff cites supports a lien-like remedy against a governmental entity pending disposition of a Section 1983 lawsuit. Plaintiff's apparently unprecedented request is legally improper, perplexing, and wholly unnecessary.

Plaintiff's 25-page Reply also appears to retroactively change the character of his "Motion for a Lien" into one for summary judgment, styled as a motion for declaratory

---

[1] Because both parties fail to discuss the standard for a declaratory judgment action, the Court recites it here. The Declaratory Judgment Act grants federal courts discretion in "a case of actual controversy" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act prevents "avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication." *Brooks Mfg. Co. v. Dis-Tran Wood Prods.*, LLC, No. C11-0309JLR, 2012 U.S. Dist. LEXIS 46518, *13-14 (W.D. Wash. 2012) (internal quotations omitted). "The basic question [in] each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. at *9 (internal quotations omitted).

judgment, with a long recitation of new facts and arguments.[2]  Dkt. # 56.  First, the Court is reluctant to entertain any of the new arguments Plaintiff raises for the first time on Reply.  *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.").  Plaintiff's Reply offers a variety of reasons why he continues to order toothpaste he claims to be allergic to, such as the ability to trade toothpaste for other items, and because it "makes his cell smell like old spice."  Dkt. # 56 at 2-3.  Plaintiff also devotes more pages to explaining his alleged injury.  *Id*. at 3-5.  None of Plaintiff's proffered explanations are sufficient to grant him judgment on any of his claims.  As stated in previous Orders, the central questions in this case are whether Plaintiff is allergic to a certain type of toothpaste, the extent and scope of his alleged injury, and whether Defendants acted with deliberate indifference in causing this alleged injury.  The record, as it stands, in insufficient at this time to definitively answer these questions, and many others.  Either declaratory or summary judgment would be inappropriate at this time.

     Accordingly, the Court **DENIES** Plaintiff's Motion for Lien Against Defendants.  Dkt. # 52.

     DATED this 19th day of November, 2018.

_____
The Honorable Richard A. Jones
United States District Judge

---

[2] Plaintiff's Reply also makes an odd argument that federal law "overrides" state law with respect to RCW 84.64.050.  Dkt. # 56 at 1.  However, Plaintiff has identified no federal law that conflicts with RCW 84.64.050, and, as stated above, provides no legal basis of any sort for the relief he seeks.